Our final case of the day is Mercedes-Benz USA v. JP Motors. When the District Court decided to abstain from and dismiss this case, it committed two primary errors. The first error was to dismiss this case under the Burford abstention doctrine. Under Burford, a District Court should decline to inter- underpin the burden that the Department of Health and Human Services shall have on this    Before we go very far, I want to make sure I understand the current posture of events in the state. The board is done. Is there any possibility of further proceedings before the board? The merits of the case are completed before the board. The only remaining proceedings before the board involve the application of attorney's fees. Could you raise your voice some? It's a very big room.  And that microphone records but does not amplify. I apologize, Your Honor. Yes, the merits of the proceedings are done before the board. The only item remaining before the board is attorney's fees, which is a separate proceeding. But the merits of the case are now before the Cook County Circuit Court. Now moved to state court. Yes. And what kind of deference, if any, does the state court give to the board? I think your Rule 28 letter says none, but I want to make sure I understand. Certainly on questions of law and of interpretation of the statute. The review by the Cook County Circuit Court in this case would be de novo. Now, the circuit court will give deference to the board on questions of fact or mixed questions of law. In fact, this is a Illinois Administrative Review Act appeal. And so the standards under that act apply here. OK. So I think I understand the posture. All right. In all events, Burford abstention was inappropriate here because under the Burford doctrine district. But at that point, I don't understand why you're still arguing. Right. You abstain. Burford abstention is abstention in favor of some administrative agency. If the administrative agency is done, you can't abstain in favor of it. The question is, if you want sustained under Burford in favor of an agency, what happens when the agency is done? We don't have to go back and rewind to what would what the district court should have done while the proceeding was pending before the agency. Legal question is, what do we do now? In all events, this court should nevertheless reverse the abstention decision of the district court, primarily because the claim before the agency is separate and distinct from. No, it's over. Right. We've agreed on that. There is no merits proceeding before any agency. So the legal question is, when that happens between the district court's decision and the court of appeals, what should happen in federal court? Should the federal court say resume? And we now have parallel judicial proceedings in state and federal court. Or should the federal proceeding not? That's what we need to decide now. And if the question is a question of parallel federal and state court proceedings, then the appropriate doctrine to apply is the Colorado River abstention doctrine. No, no. I wish you would address my question. Maybe you just haven't thought about it that way. But it's a simple enough question. If there is Burford abstention and the state administrative proceeding ends while the appeal is ongoing, what should the court of appeals do? In this case, I would argue I'm not asking about this case. This is a legal question. Right. Burford abstention has been around for, well, as long as I've been alive. This question must have come up. It's got to have an answer. 2024 can't be the very first time this legal question has arisen, nor is this the first case. I hope you see what I'm getting at. I understand, Your Honor. And I think if Burford abstention was inappropriate in the first place in the district court, let's assume it's entirely appropriate. But the state administrative proceeding is over. What happens next? Now, you may not have done any legal research about this, but it does seem to be the right question for us now. It's entirely hypothetical to ask what the district court should have done while there was an ongoing state proceeding that is no longer ongoing. We have to answer non-hypothetical questions. Correct, Your Honor. In this case, the board proceedings are currently on appeal to the Illinois Circuit Court. And so any decision by the board is not final. The decision of the board is final. The decision of the Illinois judiciary is pending. Correct, Your Honor. Burford abstention is abstention in favor of an administrative tribunal, not in favor of a state court. I'll ask the same question of Mr. Vander Ploof. But this has to be a question that has come up during the existence of the Burford doctrine. Are you saying there's a chance that the Illinois state court might in some way remand the issue back to the Illinois Motor Vehicle Board? That's a possibility, Your Honor. It's also possible that the court could reverse the decision of the board entirely, essentially nullifying that decision, in which case then none of the issues presented in this case would have been decided by any state agency or any state court, leaving Mercedes-Benz without a forum for any of its claims raised here. Which is why when the district court erroneously dismissed the case in the first place, instead of perhaps staying the case in favor of the agency proceedings, it left Mercedes-Benz without a forum and committed the very error that this court has identified as a reason to stay rather than to dismiss under the Colorado River doctrine. And indeed, in general, it should be the same case under the Burford doctrine. Can we go through both scenarios? If the Illinois state court remands the issue for some reason or another to the Illinois Motor Vehicle Board, Mercedes-Benz is then before the board again up against J.P. Motors. It has that forum. How do you say it's formless? It has no forum for its breach of contract claim, which is the claim raised here. The board has no authority to adjudicate a breach of contract claim and no power to remedy that claim, which is why the state court review of the board's decision is likewise inadequate, because the state court as well has no authority to adjudicate the breach of contract claim raised here. And so regardless of what happens in the state proceedings, Mercedes-Benz is left without a forum to adjudicate its breach claim. If the state court reverses the Illinois Motor Vehicle Board's decision, Mercedes-Benz wouldn't refile, isn't it, within the statute of limitations? Depending upon when the state court issues its decision and how tolling may or may not apply to the statute of limitations, that may or may not be the case. But that type of collateral consequence of fear of having to refile if perhaps the statute of limitations has run is precisely why this court has said that a stay is the appropriate course of action rather than a dismissal if there is a question as to whether the state proceedings will fully resolve the federal claim. Isn't there a problem? Are you, is Mercedes-Benz confusing claims and issues? Because you say Mercedes-Benz would have no forum for its breach of contract claim. But this idea of what the contract requires is the very question that the Illinois Motor Vehicle Board opined upon and that the Illinois state court is reviewing and if it were to reverse or remand, it's still the same issue. Are we wrong if we view it that way? The question of what the contract requires is an issue that is before the court now and had been before the board, but it is not necessarily an issue that the court needs to reach. It could reverse the board on other grounds or it could affirm the board on other grounds. And even if the court or the board does decide what this contract means, it will not decide the elements of breach, causation, damages, or any potential contract defense. If it agrees with the board, there isn't any breach and there won't be any damages. The Illinois court can easily end this case. That is a possibility, Your Honor, but it is just as possible, and in fact Mercedes-Benz has argued likely that it will not, that it will agree with Mercedes-Benz arguments here. But even if Mercedes-Benz is entirely victorious in the state proceedings, that will not resolve the remaining elements of a breach of contract claim because those elements are simply not before the state. If there are no questions at this time, I will reserve my remaining time for rebuttal. Certainly, Ms. Miller. Mr. Vander Plough. Good morning, Your Honors, and may it please the court. My name is Eric Vander Plough for Defendant J.P. Motors. Your Honors, I heard the questions that you asked of counsel, and I will share the following thoughts first about Judge Easterbrook's question regarding what do we do now. I will acknowledge that I've reviewed many of the same cases that my opponent has reviewed, and I cannot think of one that precisely addresses your question, Your Honor. However, I would argue that this… There have to be cases like this in which the state board finished while the court of appeals had the case. Burford abstention is not a new doctrine. I acknowledge that, Your Honor, and I hear your question. Candidly, I am not aware of any case that addresses specifically your question. Did you search for such a case? Not specifically in the context of your question, Your Honor. And I do want to be clear. It would be our position that in that case, if the purpose of Burford is to abstain in favor of allowing a state forum to resolve the state unresolved questions of state law, which have now been resolved by the board, then that should moot whatever need there is for a further appeal regarding the federal action. The federal action… Why is it moot? The federal action… Moot means the federal court can't do anything, that there is no remedy available. Well, there's certainly a remedy available. Mercedes says it would like damages. Now, it may not be entitled to damages, but it's a remedy available. So there's nothing moot about this. I understand that you don't fancy the prospect of parallel litigation in the state and federal courts. But that happens all the time. Right? And the Supreme Court has said it has to be tolerated. It's one of the costs of federalism. So we really need to figure out, just as a matter of normal Burford procedure, how should the federal court proceed when the state administrative agency is done by the time the appeal comes on for decision? Maybe we'll ask you to file some supplemental memos on that question. And, Your Honor, we'd be happy to do that. With respect to the Burford case, I do want to address something that Your Honor just said as well. There is no claim for damages pending before the board or before Judge Roland. Mercedes says that's because the board can't award damages. Mercedes may be wrong on the merits, but there is nothing moot about a claim for damages. That's perfectly straightforward. And just to clarify, because I misspoke, there was no claim for damages pending before the district court, Your Honor. The relief that was being sought by Mercedes Benz before Judge Roland in the prayer for relief was effectively two forms. Injunctive relief. I hate to tell you this. Were you here for the earlier cases? Rule 8 says you don't need to plead damages. And Rule 54, Civil Rule 54, says you get the relief to which you're entitled no matter what is in your pleadings. Right? So Mercedes is now saying damages are an option. They didn't have to put it in their pleadings. It's black letter law. With respect to that, Your Honor, the only thing I would add to this is in response to the earlier point that was made regarding the board's decision, if the board is affirmed, and right now the board has ruled in favor of J.P. Motors, there are no damages. Right. There is no. Then it will be all over, and there will be a plea in the federal court of claim preclusion no matter what happens. Correct. So if that happens, you just win outright. Now imagine alternatives where they disagree with the board, may or may not remand. There are rooms for argument. Mercedes hasn't lost outright. What happens? I hope we don't end up in limbo where nothing is happening even though the case isn't fully resolved. As I say, Mercedes may be right or wrong about the merits, but it's not moved. Your Honor, I do hear your question. I mean I do think that if the circuit court remands to the board, reverses the board, and to your earlier questions of counsel, I do think it is a deferential standard group review. I think it's either going to be manifest way to the evidence to the extent we're talking about fact issues or clearly erroneous standards. I do want to understand that. Are you saying that the Illinois judiciary gives legal deference to the board a la Chevron or only that it respects the board's findings of fact? No, the Illinois court will give legal deference to the board on mixed questions of fact. So we now have a clear distinction between Mercedes, which says there is none. Correct. Which case do you think we should look at for that proposition that the board gets some form of Chevron deference? I hate to call it Chevron deference. That's a federal doctrine, and it died last year. So, Your Honor, I don't. Where should we look for that proposition? With respect to the standard of review for an administrative matter, I don't have an Illinois case citation off the top of my head, Your Honor. But I would argue that it is a clearly erroneous standard to the extent it applies to a mixed question. Clearly erroneous is a standard that applies to review of facts, not to review of law. Your Honor, actually, I would disagree. Under Illinois administrative procedure, I do think that Illinois courts review questions of mixed fact and law under a clearly erroneous standard. So I do think that that will be a deferential standard that will be applied to the review in this case. But I do fully expect that the board will be affirmed, and that will end the litigation in, frankly, either forum. I do also want to address the question that was raised regarding the claims and whether there is a forum for Mercedes to be heard with respect to the claims that are in this case. Mercedes has phrased its claims that were filed in the federal court on this appeal as being one of a narrow contract dispute. But, in fact, that is not the case. This case is ultimately governed by the Illinois Motor Vehicle Franchise Act, and several sections of that act that have now been considered by the board, which govern and restrict the right of motor vehicle manufacturers under contracts. In the complaint that Mercedes-Benz filed in this case, it said clearly in several sections of its complaint that the act controlled and governed the contractual relationships. All the requests for relief that have been made to the district court included declarations regarding the act, the rights under the act, the interplay between the act and the contract. And those issues have now been resolved by the state agency. So even though Mercedes-Benz has couched this claim as one of a breach of contract case, the status quo, if you will, right now, is that the board has ruled on those issues in favor of J.P. Motors. There is no breach of contract claim to go forward on. And Mercedes has had the opportunity in the forum to have their contractual defenses, their contractual issues, and even their statutory issues considered by the Illinois Motor Vehicle Review Board. And they'll now have the opportunity to have that considered by the circuit court of Cook County as well. Unless there are further questions, I would yield any time to further questions from the court where that concludes. Thank you, counsel. Ms. Miller, you have 30 seconds. Again, Your Honors, to the points being made before, I think the appropriate action in this case, if there is a question regarding what the Illinois Motor Vehicle Review Board or the circuit court on review of the board will do and how that will impact the case here, the instruction should be for the district court to at least stay its hand to stay this case and to, as Judge Easterbrook explained, take a look once the state court proceedings are done and determine whether there is any res judicata effect. Well, that's one possible rule. But maybe the Supreme Court has said, once you abstain under Burford, you're done, no matter what happens in the state. That's a possible rule. I just don't know what the rule is. There must be a rule out there. Your Honor, I have seen no such rule in the cases involving a question of Burford abstention. The court has ruled on whether that abstention was or was not appropriate. Okay. Well, all right. The court would like both parties to file supplemental memos within 14 days addressing two questions. One, what happens when a district court is abstained under Burford and the state administrative agency finishes its work while the case is pending on appeal? Two, does the state court give any legal deference to the board's legal conclusions? Okay. Simultaneous memos due in 14 days. And when those have been received, the case will be taken under advisement.